PCM/11135                      Firm ID. No. 35479

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN MCCOY, | ) |
|     Plaintiff, | ) |
| vs. | ) No. |
| EMS AUTO REPAIR; | ) |
| JOHN W. DALEY III; DALEY'S MEDICAL | ) |
| AND RENTAL SUPPLIES; and | ) |
| DALEY'S MEDICAL TRANSPORT, INC, | ) |
| d/b/a BUD'S AMBULANCE SERVICE. | ) |
|     Defendants, | ) |

## COMPLAINT

NOW COMES the Plaintiff, JOHN MCCOY, by and through his attorneys, MORSE BOLDUC & NARDULLI, LLC, and complaining of the Defendants, EMS AUTO REPAIR; JOHN W. DALEY III; DALEY'S MEDICAL AND RENTAL SUPPLIES; and DALEY'S MEDICAL TRANSPORT, Inc., d/b/a BUD'S AMBULANCE SERVICE, states as follows:

## INTRODUCTION

1. John McCoy began working as a mechanic for the Daley family ambulance business in 1990.

2. In 2004, when John McCoy was 41 years old, he advised his employers that he would need to begin working elsewhere because he needed to have a pension when he retired.

3. His employers advised that they wanted to keep John McCoy employed by them and that they would provide a pension benefit for him.

4. In April of 2004, John McCoy met with the President and one of the owners of EMS Auto Repair, Tom Wappel, and an insurance agent his employer retained, Chip Beck, a life insurance agent of National Life Insurance Company, who presented a life insurance product that EMS was going to fund which would provide John McCoy with a pension upon his reaching the age of 65 in 2028.

5. Chip Beck presented John McCoy with a Life Insurance Illustration for a policy with a $750,000 death benefit which would provide him with a yearly pension of $87,000 commencing in 2028 which would have a cash value of $328,424 in 2028. A copy of the

illustration is attached hereto as Exhibit "A".

6. The annual premium for the policy was $11,410.00.

7. On August 23, 2004 EMS advised John McCoy to sign a Split Dollar Agreement regarding a life insurance policy with National Life with a face amount of $1 million on the life of John McCoy, Attached hereto as Exhibit "B".

8. The Split Dollar Agreement states that upon the termination of the agreement John McCoy is entitled to all proceeds under the policy except for the cash value of the policy after the date of execution of the Split Dollar Agreement which was August 23,2004 when the cash value of the policy was zero.

9. EMS paid monthly premiums for the National Life Policy on a regular basis from 2004 until 2020 in the amount of $1,359.00 which computes to an annual premium of $16,308. Sample monthly premium bill attached hereto as Exhibit "C".

10. On September 1, 2020, the Defendants fired John McCoy.

11. By means of a correspondence dated October 20, 2020, EMS has advised John McCoy that they intend to cancel the Split Dollar Agreement and that John McCoy must purchase EMS's interest in the life insurance policy. Attached hereto as Exhibit "D".

12. EMS has asserted that EMS owns the entire cash value of the insurance policy as of October 20, 2020 and that John McCoy does not own any of the cash value of the policy and that the policy does not provide any sort of pension to John McCoy.

13. EMS has refused to provide John McCoy with a copy of the policy or any documents related to the policy. Attached as Exhibit "E".

14. National Life Insurance and their agents have refused to provide John McCoy with the policy or any information regarding the policy without the consent of EMS. Attached as Exhibit "F".

15. EMS has refused to consent to National Life or their agents providing any information regarding the policy to John McCoy. Attached hereto as Exhibit "E ".

WHEREFORE, the Plaintiff, John McCoy, prays that this Court:

    (a) Rule that National Life Insurance Co., is to pay the full current cash value of insurance policy number 2373709 to John McCoy,

    (b) Alternatively, enter a judgment against the Defendants and in favor of John McCoy in the amount of the full current

      cash value of insurance policy number 2373709.

    (c)  Award John McCoy his attorney fees, costs, and prejudgment interest under the Illinois Interest Act, 815 ILCS 205/2.

    (d)  Award such other relief as appropriate.

## PARTIES

16. The Plaintiff is a resident of Cook County, Illinois.
17. The Defendant John W. Daley, III is a resident of Cook County, Illinois.
18. The Defendant EMS Auto Repair is a business enterprise owned by John W. Daley, III and is located in Cook County, Illinois.
19. The Defendant DALEY'S MEDICAL AND RENTAL SUPPLIES is a business enterprise owned by John W. Daley, III and is located in Cook County, Illinois.
20. The Defendant Daley's Medical Transport, Inc., d/b/a Bud's Ambulance Service is an Illinois corporation with its principal place of business in Cook County, Illinois.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this Employee Retirement Income Security Act claim pursuant to 29 U.S.C. § 1451 (c).
22. This Court has supplemental jurisdiction over the Plaintiff's State Law claims. 28 U.S.C. § 1367
23. This Court has personal jurisdiction over the Defendants because they are residents of Illinois and primarily conduct their business in Illinois.
24. Venue is proper under 28 U.S.C. § 1391 (b) (1) (2) because Defendants do business in this Judicial District and a substantial part of the events giving rise to the claim occurred in this judicial District.

## COUNT I
## BREACH OF CONTRACT

25. The Plaintiff realleges the allegations set forth in paragraphs 1-24 as though fully set forth herein.
26. The Defendants are in breach of the contract they entered into with John McCoy dated August 23, 2004 by refusing to pay him the cash value of the life insurance policy number 2373709 upon their termination of John McCoy on September 1, 2020 and their declaration that policy number 2373709 will be terminated effective November 23, 2020 if John McCoy does not purchase EMS's alleged interest in the policy.

WHEREFORE, the Plaintiff, John McCoy, prays that this Court:

    (a)  Rule that National Life Insurance Co., is to pay the full

3

        current cash value of insurance policy number 2373709 to John McCoy,

    (b)  Alternatively, enter a judgment against the Defendants and in favor of John McCoy in the amount of the full current cash value of insurance policy number 2373709.

    (e)  Award John McCoy his attorney fees, costs, and prejudgment interest under the Illinois Interest Act, 815 ILCS 205/2.

    (c)  Award such other relief as appropriate.

## COUNT II FRAUD

27. The Plaintiff realleges the allegations set forth in paragraphs 1-26 as though fully set forth herein.

28. In the alternative, if it were to be found that Defendants did not purchase a life insurance policy which was to act as a pension for the Plaintiff, the Defendants' statements to Plaintiff that the life insurance policy was to serve as a pension for the Plaintiff were false statements of material facts.

29. The Defendants knew their statements were false or made them with reckless disregard of whether they were true or false.

30. The Defendants' statements were made with the intent to cause the Plaintiff to rely on the statements and to induce the Plaintiff to remain in the Defendants' employ.

31. The Plaintiff reasonably believed the Defendants' statements that they were purchasing an insurance policy that would provide the Plaintiff with a pension when he reached the age of 65.

32. The Plaintiff remained in the Defendants' employment in justifiable reliance on the truth of the Defendants' statements.

33. The Plaintiff has been damaged as a result of his reliance upon the Defendants' statements in as much as he remained in the Defendants' employ for 16 years after their statements and forwent being employed elsewhere where a pension would have been earned.

WHEREFORE, the Plaintiff prays that this Court enter judgment in his favor and against the Defendants as follows:

    (a)  The dollar cash value of the life insurance policy as of the date of the cancellation of the policy by Defendants,

    (b)  Any other damages resulting from Defendants' fraudulent conduct,

    (c)  Punitive damages,

4

> (d) Plaintiff's attorney fees and costs, and prejudgment interest under the Illinois Interest Act, 815 ILCS 205/2.

## COUNT III
## BREACH OF FIDUCIARY DUTY

34. The Plaintiff realleges the allegations set forth in paragraphs 1-33 as though fully set forth herein.

35. As Plaintiff's employer, the Defendants, owed Plaintiff a fiduciary duty to not attempt to cause the Plaintiff to believe that they had purchased a life insurance policy that would serve the purpose of providing Plaintiff with a pension upon reaching the age of 65 and using said deception to induce the Plaintiff to remain in the Defendants' employ for 16 years.

36. If it is determined that the Plaintiff is not entitled to the benefits as provided for by the life insurance policy, the Defendants breached the fiduciary duty they owed to the Plaintiff.

37. Plaintiff has been damaged by the Defendants' breach of their fiduciary duties owed to the Plaintiff by his loss of the pension benefits he earned over the course of the 16 years he continued to work for the Defendants after he was induced to believe that an insurance funded pension plan had been purchased for him.

WHEREFORE, the Plaintiff prays that this Court enter judgment in his favor and against the Defendants' as follows:

> (a) The dollar cash value of the life insurance policy as of the date of the cancellation of the policy by Defendants,
>
> (b) Any other damages resulting from Defendants' fraudulent conduct,
>
> (c) Punitive damages,
>
> (d) Plaintiff's attorney fees and costs and prejudgment interest under the Illinois Interest Act, 815 ILCS 205/2.

## COUNT IV
## VIOLATION OF ERISA

38. The Plaintiff realleges the allegations set forth in paragraphs 1-37 as though fully set forth herein.

39. The Defendants provided a pension plan to the Plaintiff.

40. The plan constituted an "employee welfare benefit plan," as that term is defined in 29 U.S.C. § 1102 and § 1002 (1).

41. The Plaintiff was a participant within the meaning of ERISA in the ERISA benefit plan provided by Defendants. Defendants have custody and control of the details of the plan.

42. Defendants violated Plaintiff's rights under Section 510 of ERISA, 29 U.S.C § 1140, by unlawfully refusing to pay him the value of the pension plan he had earned.

43. § 502 (a) (1) (B) permits civil actions by a participant or beneficiary to recover benefits due to him under the terms of the plan. 29 U.S.C § 1132 (a) (1) (B).

44. As a direct or proximate result of the Defendants' conduct as alleged above, Plaintiff has suffered and will continue to suffer substantial damages of a personal and pecuniary nature, including but not limited to loss of the pension benefits he earned.

45. In addition to the monetary damages, Plaintiff is entitled to attorneys' fees, costs and expenses in this lawsuit pursuant to 29 U.S.C § 1132.

WHEREFORE, the Plaintiff, John McCoy, prays that this Court:

(a) Find in his favor and enter judgment against Defendants for damages caused by Defendants' violation of 29 U.S.C. § 1104 and other provisions of ERISA, plus reasonable attorneys' fees and costs of this action, prejudgment interest under the Illinois Interest Act, 815 ILCS 205/2, and further appropriate relief.

## COUNT V
## VIOLATION OF 29 U.S.C. § 1132(c)

46. The Plaintiff realleges the allegations set forth in paragraphs 1-45 as though fully set forth herein.

47. Counsel for Plaintiff requested Counsel for Defendants provide the insurance policy at issue and all other relevant documents, and to authorize the Plaintiff to obtain information regarding the plan from the insurance company and their agents.

48. On October 28, 2020, Counsel for Defendants refused to provide any information regarding the plan or to consent to the information being provided by the insurance company or the agents. Attached as Exhibit "E".

49. 29 U.S.C. § 1132 (a) requires the requested plan information be provided within thirty days of the request or the employer will face a statutory penalty of $100 per day "from the date of the refusal".

50. By regulation the penalty has been increased to $110 per day. 29 C.F.R. § 2575.502c-3.

51. As of November 19, 2020, the Defendants have refused to provide the insurance policy or all information regarding the same for 22 days, resulting in a penalty of $2,420.

WHEREFORE, the Plaintiff, John McCoy, prays that this Court enter a judgment in his favor and against the Defendants' in the amount of $110 per day commencing as of October 28, 2020 and continuing until the Defendants have provided to the Plaintiff the insurance policy at issue and all other documents regarding the same.

Respectfully submitted,

BY: *s/ Peter C. Morse*
Attorney for Plaintiff, John McCoy

**Morse Bolduc & Nardulli, LLC**
25 E. Washington Street, Suite 750
Chicago, Illinois 60602
312-251-5587 (direct)
312-376-3896 (fax)
pmorse@morseandbolduc.com
ARDC: 6181070